UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 06 C 7092 |
| v. ) | |
| ) | Judge John W. Darrah |
| GARY D. SMALL ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Defendant's, Gary Small's, Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.

Small was charged in a three-count indictment with two counts of perjury and one count of obstruction of justice. The charges stemmed from Small's conduct in providing perjured testimony during the course of a federal narcotics trial before Judge Wayne Anderson. In that case, a July 2002 indictment charged Troy Lawrence, Stacia Smith, and twenty-four others in a variety of crimes related to a large-scale crack cocaine conspiracy operating in Chicago Heights, Illinois (the "Lawrence case").

Count One of the indictment in the Lawrence case charged Lawrence and Smith with participating in a narcotics conspiracy within 1,000 feet of an elementary school. Count Twenty-Five of the indictment in the Lawrence case charged Lawrence and Smith with possessing an Intratec Model AB-10 ("Tec-9") semi-automatic handgun in furtherance of the narcotics conspiracy.

The Tec-9 was recovered from the front seat of Smith's car after Drug Enforcement Agents ("DEA") monitoring a wiretap heard Lawrence ask Smith to bring him the weapon. In addition, on March 5, 2002, during the execution of a search warrant at Lawrence's home, law enforcement officers recovered a fully loaded Glock 9 mm handgun next to a box of 9 mm ammunition from

Lawrence's bedroom.

In September 2003, trial began in the Lawrence case against Lawrence and Smith. On November 12, 2003, Small was called to testify at the Lawrence trial. While under oath, Small made false declarations to the jury and court, including testimony that: (1) he had placed the Tec-9 in the trunk of Smith's car without her knowledge and told nobody about the fact the gun was in Smith's car until after she was pulled over by police, and the gun was found; (2) he called Lawrence to tell Lawrence the gun had accidentally been left in the trunk of Smith's car; and (3) he left the Glock 9 mm at Lawrence's home because he did not want to drive around with the gun.

In April 2004, Small was charged in a three-count indictment based on his false testimony in the Lawrence trial. On June 1, 2004, Small pled guilty to Counts One and Three. Count One alleged that Small knowingly made false declarations in violation of 18 U.S.C. § 1623(a). Count Three alleged that Small obstructed justice in violation of 18 U.S.C. § 1503.

In his plea agreement, Small admitted the following: (1) that at the time of the Lawrence trial, he knew his declarations were false in that he had not placed the Tec-9 in the trunk of Smith's car and had not left the Tec-9 in the trunk unbeknownst to both Lawrence and Smith; (2) that he provided the Tec-9 to Lawrence at Lawrence's request several months before Smith was stopped with the Tec-9; (3) that shortly before the Lawrence trial, Smith asked Small to testify about how the Tec-9 came to be found in Smith's car on January 24, 2002; (4) that he then fabricated a story about washing Smith's car and leaving the Tec-9 in the trunk of her car; (5) that he informed Smith about the proposed story; (6) that Small was aware that his story was a lie but facilitated meetings with Small and Smith's attorney so that he, Small, could falsely testify at trial; and (7) at the time of his testimony, he knew his declarations were false in that he had not left the Glock 9 mm at Lawrence's

home because he was concerned about being pulled over with the gun – rather, he provided the gun to Lawrence at Lawrence's request after Lawrence had been injured in a shooting.

Small also admitted, in his plea agreement, certain facts relating to the drug conspiracy alleged in the Lawrence case. Specifically, Count One of the indictment in the Lawrence case alleged that it was "part of the conspiracy that certain defendants possessed and carried firearms . . . to advance the conspiracy's objectives of selling crack cocaine and to preserve and protect crack cocaine, as well as the proceeds of the narcotics sales." Small also admitted that it was for the jury in the Lawrence case to determine whether Lawrence and Smith possessed the Tec-9 and whether such possession was in furtherance of the narcotics conspiracy. It was also for the jury to determine whether Lawrence possessed the Glock 9 mm and whether such possession was in furtherance of the narcotics charge.

Small specifically acknowledged in his plea agreement that the weapons charge in the Lawrence case (Count Twenty-Five) only pertained to the Tec-9 semi-automatic handgun and, therefore, had nothing to do with the Glock 9 mm handgun, which was solely relevant to the narcotics conspiracy charged in Count One.

Small further admitted in his plea agreement that it was material to the jury's determination of guilt on Counts One and Twenty-Five of the Lawrence case whether, on January 24, 2002, Lawrence and Smith were aware that the Tec-9 was in Smith's car when she was stopped by law enforcement, whether the Tec-9 was found on the front seat of Smith's car, and whether Lawrence had called Smith to ask her to bring him the Tec-9. Small also admitted that it was material to the jury's determination of guilt on Count One of the Lawrence case whether Lawrence possessed the Glock 9 mm found at Lawrence's residence and whether Lawrence possessed the Glock 9 mm in

3

relation to his narcotics-trafficking activities. As such, Small knew that Lawrence was a drug dealer in Chicago Heights and was on trial with others for participating in a drug conspiracy that allegedly used guns, including the Tec-9 and Glock 9 mm.

Following his guilty plea, Small submitted sentencing position papers to the Court. In his first sentencing position paper, Small analyzed the sentencing factors set out in 18 U.S.C. § 3553(a) and argued that the accessory-after-the-fact sentence guideline should not apply to his sentence. The Government filed a response, arguing that the accessory-after-the-fact sentencing guideline applied to Small's conduct. Small then filed a second sentencing position paper, again arguing that the accessory-after-the-fact guideline did not apply to him; but, even if it did apply, it had no practical application in his case because he did not know the scope of Lawrence's drug dealing and in the quantity of drugs charged in the Lawrence drug conspiracy that drive the accessory-after-the-fact guideline calculation. The Government filed a response to Small's second sentencing position paper, reiterating its previous argument and noting that the Sentencing Guidelines were now advisory (post *United States v. Booker*, 125 S. Ct. 738, 749 (2005) (*Booker*)). In the submissions to the Court, the parties agreed that the underlying offense in the Lawrence case involved the possession and distribution of controlled substances within 1,000 feet of an elementary school.

Thereafter, the Court issued a Memorandum Opinion and Order, addressing the sentencing issues raised by Small. The Court rejected Small's arguments, holding that the accessory-after-the-fact guideline applied to Small's conduct. Accordingly, the Court determined that Small's base level offense was 34 (32 pursuant to Section 2D1.1 + 2 pursuant to Section 2D1.2). The Court also increased the base level offense by 2, pursuant to Section 2D1.1(b)(1), after finding that Small knew or reasonably should have known that a dangerous weapon was possessed during the drug

conspiracy. The Court specifically noted that the resulting offense level did not implicate *Booker* because Small's possible sentence was less than the maximum sentence authorized by the facts established by Small's guilty plea. The Court also found that Small was not eligible for a three-point reduction for acceptance of responsibility based on Small's arrest for possession of cocaine on the same day that he was released on bond.

Small was sentenced to 60 months' imprisonment on Count One and 108 months' imprisonment on Count Three, the sentences to run concurrently.

With new counsel, Small appealed his sentence to the Seventh Circuit Court of Appeals. Small argued that the district court erred in: (1) applying the wrong underlying offense to the accessory-after-the-fact guideline in that the district court should have used perjury and obstruction of justice as the underlying offense, (2) rejecting Small's claim that it was relevant that he was unaware of the scope of the drug conspiracy to which he was an accessory after the fact, (3) ignoring the Supreme Court's *Booker* opinion by applying the Sentencing Guideline as mandatory, and (4) denying Small a reduction for acceptance of responsibility. On April 12, 2006, in an unpublished order, the Seventh Circuit rejected all of Small's arguments and affirmed the district court's sentence.

Small raises four arguments in his present motion: (1) ineffective assistance of trial counsel for failing to argue that he should be sentenced as an accessory after the fact based on the underlying weapons charge instead of the underlying narcotics conspiracy charge, (2) ineffective assistance of appellate counsel for failing to raise the first issue, (3) denial of due process for being sentenced as an accessory after the fact based on the underlying narcotics conspiracy charge instead of the

underlying weapons charge when his perjured testimony related only to the weapons charge, and (4) denial of due process based on the Court's treatment of the Sentencing Guidelines as presumptively proper in violation of *Booker*.

Collateral relief pursuant to 28 U.S.C. § 2255 is only available where there was "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994), *quoting Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1992). The district court must review the record and draw all reasonable inferences in favor of the Government. *See Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992). However, Small filed this petition *pro se*; therefore, his petition is entitled to a liberal reading. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Claims that could have been raised on direct appeal but are not raised are procedurally defaulted. *See Ballinger v. United States*, 379 F.3d 427, 429 (7th Cir. 2004). However, ineffective-assistance-of-counsel claims not raised on direct appeal are not procedurally defaulted. *See Massaro v. United States*, 123 S. Ct 1690, 1694 (2003) (*Massaro*). Claims of ineffective assistance of counsel are reviewed under the two-prong test delineated in *Strickland v. Washington*, 466 U.S. 668 (1984) (*Strickland*). Under this test, a defendant must demonstrate both: (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defendant. *See Strickland*, 466 U.S. at 688.

The deficiency prong requires a defendant to demonstrate that the representation he received was objectively unreasonable considering all of the circumstances. Counsel's conduct is strongly presumed to satisfy professional standards. *See Strickland*, 466 U.S. at 688-89. Strategic decisions

6

by counsel are not second-guessed on review. *See United States v. Ruzzano*, 247 F.3d 688, 697-98 (7th Cir. 2001). "A reviewing court may only consider those acts or omissions of an attorney that are not classifiable as an attorney's tactics." *United States v. Dyer*, 784 F.3d 812, 817 (7th Cir. 1986). A challenged action is generally considered sound strategy when a competent attorney might have taken the action in the particular case. *See United States v. Norwood*, 798 F.2d 1094, 1100 (7th Cir. 1986).

To demonstrate actual prejudice, a defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Strickland*, 466 U.S. at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 696.

Small's first three grounds for a new sentence pertain to his argument that he was incorrectly sentenced as an accessory after the fact based on the underlying narcotics conspiracy charge instead of the weapons charge because his perjured testimony related only to the weapons charge. Small's argument ignores his specific admission in his plea agreement that his false testimony related to the narcotics conspiracy charge of Count One in the Lawrence case. As set out above, Small admitted that he knew that Lawrence was a drug dealer in Chicago Heights and that he and others were on trial for participating in a dug conspiracy that allegedly used guns, including the Tec-9 and Glock 9 mm. Given Small's admissions, a competent attorney might have acted as did Small's attorney in this case. Small cannot demonstrate that this decision by his attorney was unreasonable. Accordingly, Small's trial and appellate counsel's decision not to raise this argument is found to be sound professional strategy. Furthermore, in light of the admissions, Small cannot demonstrate that the

7

outcome of his sentencing would have been different had his attorney argued that Small was only an accessory to the weapons charge. Also, based on the foregoing analysis, the Court properly used the narcotics conspiracy charge in increasing Small's sentence as an accessory in the Lawrence case. Thereore, Small's due process claim also fails.

In his last argument, Small argues that he was denied due process because the Court "treated the Sentencing Guidelines as presumptively correct" and that the ruling in *Booker* requires that the Sentencing Guideline should be treated as one factor in determining the sentence.

Small's argument is meritless. At sentencing, the Court specifically noted that the sentencing was occurring post-*Booker*, that the Sentencing Guideline range was a "guideline," and that the sentence being imposed – which was within the Sentencing Guideline range – was "consistent with the aims of sentencing." The Court further noted that it had reviewed all of the parties' briefs and the "letters" presented on Small's behalf. Small's argument is also directly contrary to the Seventh Circuit's finding on direct appeal that: "Contrary to Small's claim on appeal, it is clear to us that Judge Darrah was aware of *Booker* and that he did not erroneously apply the guidelines as mandatory."[1]

For the foregoing reasons, Small's motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, is denied.

Dated: 5-23-07

JOHN W. DARRAH
United States District Court Judge

---

[1] It is unclear whether Small's last claim also includes a claim of ineffective assistance of counsel for failing to raise the last issue at sentencing and/or on appeal. This claim would fail because there is no support in the record for Small's argument; and Small has failed to demonstrate, but for the alleged error, the sentence imposed would have been different.